**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID LEE MYERS,**

      **Petitioner,**

**v.**                          **Case No. 3:04-cv-174**
                                              **Chief Judge Algenon l. Marbley**

**MARGARET BAGLEY, WARDEN,**          **Magistrate Judge Kimberly A. Jolson**

      **Respondent.**

<u>**OPINION AND ORDER**</u>

Petitioner David Lee Myers, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action under 28 U.S.C. § 2254. The matter is before the Court on Myers's Motion for Authorization (Doc. 155), the Respondent-Warden's Memorandum in Response / Opposition (Doc. 157), and Myers's Reply in Support (Doc. 158). Because specific factors favor authorization, the Court exercises its discretion and **GRANTS** Myers's motion.

**I.**      **OVERVIEW**

This action has been pending for many years, and the Federal Public Defenders Office ("federal counsel") has represented Myers throughout. He also has had the benefit of pro bono counsel, Vorys, Sater, Seymour and Pease LLP ("Vorys").

On February 11, 2020, the case took a turn. The Court granted Myers leave to conduct discovery in support of a "gateway" actual innocence claim to permit federal habeas review of claims otherwise potentially barred by procedural default. (Opinion and Order, Doc. 136, at PageID 20536–43). Myers asserts that the opportunity has led to great success. He says he has obtained not only exculpatory DNA testing results but also evidence to refute a range of unreliable (and damaging) scientific testimony that the state used during his trial. (Motion for Authorization,

Doc. 155, at PageID 20663–64). He claims that the newly discovered evidence supports the actual innocence arguments upon which this Court permitted him to conduct discovery, new constitutional claims, and his motion for a new trial. (*Id*. at PageID 20667).

With the new evidence in hand, Myers returned to state court. He successfully obtained leave to file a motion for a new trial, as well as an evidentiary hearing on the merits of his newly discovered evidence. (*Id*. at PageID 20665–66). The hearing on the newly discovered evidence begins on July 15, 2024. (*Id.*).

Now, Myers seeks authorization for his federal counsel to represent him in the upcoming state-court DNA proceedings that were made possible by the discovery this Court allowed. Myers explains that while Vorys has made an appearance in state court, it is his federal counsel who investigated, developed, and litigated the new DNA testing evidence; and it is his federal counsel who have the expertise to challenge a capital conviction and litigate habeas corpus claims. (Motion for Authorization, Doc. 155, at PageID 20661, 20667–70).

Vorys agrees. Elizabeth T. Smith, one of the Vorys attorneys who has been participating in Myers's state-court proceedings, declares that she has been a civil litigator for almost forty years but has had limited criminal defense experience and is not certified to litigate death penalty cases. (Declaration, Doc. 155-1, at PageID 20673). She concludes:

> I believe in order for David Myers to be provided with effective representation the participation and co-counsel of the Federal Public Defender is absolutely necessary. Attorneys Roberts and Tanski entered their notices of appearance in this case in 2018 and 2019, respectively. They are responsible for the investigation of what is now the debunked forensic evidence and the development of the new DNA evidence which exculpates Myers. The Federal Public Defender has specialized experience in capital cases and DNA evidence. They are most qualified to co-counsel with pro bono counsel to ensure that Myers receives justice.

(*Id*.).

Thus, it appears that Myers' upcoming state-court proceedings were made possible only because of DNA testing that his federal counsel spent years investigating and developing. And Myers adds that the state-court proceedings involve federal issues of actual innocence and new constitutional claims that may need to be presented to this Court. Finally, Myers asserts that he needs his federal counsel because of the scheduled evidentiary hearing's breadth and complexity.

## II.    LEGAL STANDARDS

Section 3599(a)(2) of Title 18 of the United States Code entitles those seeking habeas corpus relief from a death sentence under 28 U.S.C. § 2254 to the "appointment of one or more attorneys." While subsection (a)(2) describes the *entitlement* to counsel, subsection (e) defines the *scope* of appointed counsel's representation as follows:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the [petitioner], each attorney so appointed shall represent the [petitioner] throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the [petitioner] in such competency proceedings and proceedings for executive other clemency as may be available to the [petitioner].

18 U.S.C. § 3599(e)(2).

In *Harbison v. Bell*, 556 U.S. 180, 182–83 (2009), the Supreme Court held that § 3599(e)'s reference to "proceedings for executive or other clemency as may be available to the defendant" encompasses state clemency proceedings. The Supreme Court rejected arguments that the statute was intended to furnish representation in only federal proceedings and made clear that counsel's representation under the statute includes only those proceedings transpiring subsequent to his or her appointment. *Id*. at 188. The Supreme Court also rejected the Government's argument that

3

the Court's interpretation of the statute would require a lawyer who succeeded in setting aside a death sentence during collateral proceedings to represent that client during an ensuing state retrial. The Court explained, "When a retrial occurs after postconviction relief, it is not properly understood as a 'subsequent stage' of judicial proceedings but rather as commencement of new judicial proceedings." *Id*. at 189. With respect to state postconviction proceedings, the Court noted that "[p]etitioners must exhaust their claims in state court before seeking federal habeas relief, and the fact that state postconviction litigation sometimes follows the initiation of federal habeas because a petitioner failed to exhaust does not change the order of proceedings contemplated by the statute." *Id*. at 189–90 (internal citation omitted). Still, the Court offered an exception to its holding, and observed in a footnote that "a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim [in the state courts] in the course of her federal habeas representation." *Id*. at 190, n.7.

In *Irick v. Bell*, 636 F.3d 289 (6th Cir. 2009), the Sixth Circuit applied *Harbison* to deny a habeas petitioner's request to expand his counsel's representation to include a state postconviction proceeding where state law provided for the appointment of counsel. In so doing, the Sixth Circuit affirmed a Tennessee district court's decision authorizing habeas counsel to represent the petitioner in his clemency proceedings, but denying his request for counsel in his state postconviction and competency proceedings. *Id*. at 291–92. The Sixth Circuit explained that "Irick is not attempting to exhaust a claim in the state courts for the purpose of later presenting it in federal court; rather, he is re-opening a state judgment on state-law grounds." *Id*. at 292. Further, the Court determined that "even if § 3599 would otherwise apply to Irick's state postconviction proceedings, he would not be eligible for federal funding because state law affords

him adequate representation." *Id.* (citation omitted). *See also Conway v. Houk*, No. 3:07-cv-345 (S.D. Ohio July 8, 2015) (Doc. 219, at PageID 15605) (finding in light of *Harbison* and *Irick* that a federal court may "exercise its discretion in appointing federal habeas counsel to represent their client in state postconviction proceedings when the state petition raises issues that are or will be pleaded in a habeas petition so long as those issues are cognizable in habeas corpus and have not been previously submitted to the state court, unless the state court itself provides for representation").

More recently, in *Hand v. Houk*, 826 F. App'x 503 (6th Cir. 2020), the Sixth Circuit explained when counsel appointments could be expanded to state-court proceedings:

> [G]enerally, a state prisoner exhausts his claims in state court before seeking federal habeas relief, and thus such proceedings, not being "subsequent" to the start of federal proceedings, do not trigger the provision of counsel under § 3599. *Id.* at 189-90, 129 S.Ct. 1481. The Court recognized an exception, however: Counsel appointed under § 3599 to represent a prisoner in federal habeas proceedings may represent that prisoner in state court to exhaust a claim raised in federal habeas while the federal claims are put on hold. *Id.* at 189-90 & n.7, 129 S.Ct. 1481. On the other hand, the Court was clear that § 3599 does not authorize federal funding for "new judicial proceedings" in state court, such as state habeas proceedings begun after federal habeas proceedings have concluded. *Id.* at 189, 129 S.Ct. 1481 (noting that, except for the aforementioned exception for exhaustion, "[s]tate habeas is not a stage 'subsequent' to federal habeas.").

*Hand*, 826 F. App'x at 507–08.

## III. DISCUSSION

The Court is satisfied that 18 U.S.C. § 3599 authorizes the expansion of Myers's federal counsel to represent Myers in state-court DNA proceedings. The Court is mindful that § 3599 and cases since *Harbison* purport to define and limit circumstances under which a habeas court may authorize federally appointed counsel to represent capital petitioners in other state proceedings, and the majority of decisions addressing the issue deny authorization. But the Supreme Court in

5

*Harbison* made clear that "a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation. *** " *Harbison*, 556 U.S. at 190, n.7. This Court views the matter as such a case. Notably, Myers seeks (1) to exhaust new claims, in addition to initiating new judicial proceedings, (2) while his initial habeas corpus proceeding is pending and his federal claims are on hold, (3) subsequent to the filing of his petition and subsequent to federal counsel's appointment.

Up front, Myers asserts "that the Warden has no standing to take any position on this motion for authorization, where the state has no interest in how federal funds are spent and no right to opine on who represents Mr. Myers." (Motion for Authorization, Doc. 155, at PageID 20660, n.1 (citing *Harbison*, 556 U.S. at 184); *see also* Reply, Doc. 158, at PageID 20848–49). The Warden disagrees, noting that the Sixth Circuit in both *Irick* and *Hand* specifically referenced the Wardens' oppositions. (Opposition, Doc. 157, at PageID 20845–46 (citations omitted)). The Court need not resolve this dispute because even if Myers's motion were unopposed, the Court would still consider its authority under the statute and controlling case law.

Turning to whether this Court should exercise its discretion to grant § 3599 authorization, first, it is true that *Harbison* generally sought to disqualify state collateral proceedings, such as state habeas or state postconviction, as a "subsequent stage" of available judicial proceedings for which § 3599 would authorize federal counsel to represent a habeas petitioner. The Supreme Court explained:

> But as we have previously noted, subsection (e) authorizes counsel to represent her client in "subsequent" stages of available judicial proceedings. State habeas is not a stage "subsequent" to federal habeas. Just the opposite: Petitioners must exhaust their claims in state court before seeking federal habeas relief. See § 2254(b)(1). That state postconviction litigation sometimes follows the initiation of federal habeas because a petitioner has failed to exhaust does not change the order of

6

proceedings contemplated by the statute.

*Harbison*, 556 U.S. at 189–90. But as *Harbison* foreshadowed, and *Irick* and *Hand* made explicit, there is an exception to this disqualification when exhaustion is needed during the pendency of a habeas proceeding.

When a habeas petitioner requests authorization for habeas counsel to represent the petitioner in a state-court postconviction proceeding, there is a critical distinction between a state postconviction proceeding intended to exhaust a potentially new federal claim and a state postconviction proceeding intended to raise state-law claims to obtain state-court relief from the challenged judgment. The Supreme Court in *Harbison* made clear that "a district court may determine on a case-by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her federal habeas representation. *** " *Harbison*, 556 U.S. at 190, n.7.

In *Irick*, the Sixth Circuit explained:

> Irick also seeks federally appointed counsel for his efforts to reopen his state post-conviction proceedings. As an initial matter, we note that the Supreme Court explicitly limited the scope of § 3599 to exclude state habeas proceedings and other proceedings that are not "subsequent to" federal habeas. *Harbison*, 129 S.Ct. at 1488-98. The Warden argues that Irick's state post-conviction proceedings are outside the scope of § 3599 because they are "the commencement of new judicial proceedings," rather than a stage "subsequent to federal habeas." *See id.* at 1488. We agree. *Irick is not attempting to exhaust a claim in the state courts for the purpose of later presenting it in federal court; rather, he is re-opening a state judgment on state-law grounds. Section 3599 does not authorize federal funding for this type of proceeding.*

*Irick*, 636 F.3d at 292 (emphasis added). More recently, in *Hand*, the Sixth Circuit stated succinctly: "Counsel appointed under § 3599 to represent a prisoner in federal habeas proceedings may represent that prisoner in state court to exhaust a claim raised in federal habeas while the federal claims are put on hold." *Hand*, 826 F. App'x at 507 (citing *Harbison*, 556 U.S. at 189–

90).

Here, Myers seeks both to initiate new judicial proceedings with an eye toward overturning his conviction and sentence, and to exhaust potential never-before-raised claims for the purpose of later presenting them for habeas corpus review. He says:

> Federally appointed counsel are seeking authorization to assist pro bono counsel in state court to further develop his newly discovered evidence in support of Myers' actual innocence arguments in federal court, to exhaust his new constitutional claims, and ultimately, to obtain a new trial for Myers, which would moot these federal proceedings. Should Myers lose in the state court, Myers will return to federal court, armed with his newly exhausted evidence and claims as well as testimonial support from an evidentiary hearing that may be presented in support of his actual innocence procedural gateway arguments."

(Motion for Authorization, Doc. 155, at PageID 20667; *see also* Page ID 20668, 20670; Reply, Doc. 158, at PageID 20851). Myers's case is unlike those in which authorization was denied because the state-court proceedings in those cases were all about obtaining state-court relief from the challenged judgment. *See McKnight v. Bobby*, No. 2:09-cv-59, 2018 WL 4095709 (S.D. Ohio Aug. 28, 2018) (§ 3599 authorization denied for state proceedings not related to exhaustion of new habeas claims); *Lindsey v. Jenkins*, No. 1:03-cv-702, 2017 WL 4277201 (S.D. Ohio Sep. 26, 2017) (§ 3599 authorization denied for new state postconviction proceeding to raise a *Hurst v. Florida*, 577 U.S. 92 (2016), claim unrelated to the petitioner's habeas corpus proceeding); *Hill v. Anderson*, No. 4:96-cv-795, 2014 WL 2882905 (N.D. Ohio June 25, 2014) (§ 3599 authorization denied for new state postconviction proceeding to challenge aspect of counsel's representation that was irrelevant to habeas proceedings).

The Court is not of the view that the dual outcomes Myers seeks—to obtain state-court relief from his capital conviction on the basis of newly discovered evidence and to exhaust potentially new constitutional claims—undermine the "need to exhaust" component that warrants

8

§ 3599 authorization. Of course, should Myers obtain state-court relief from the capital judgment that is the subject of his pending habeas corpus petition, that would require dismissal of the habeas petition and necessitate revisiting the continued propriety of § 3599 authorization. *See Harbison*, 556 U.S. at 189 (rejecting the Government's argument that § 3599 would require a lawyer who succeeded in setting aside a capital conviction during postconviction proceedings to represent her client during an ensuing retrial because "[w]hen a retrial occurs after postconviction relief, it is not properly understood as a 'subsequent stage' of judicial proceedings but rather as the commencement of new judicial proceedings.").

The Warden makes much of the fact that the state proceedings at issue are not "subsequent" within the meaning of § 3599 and *Harbison*. (Opposition, Doc. 157, at PageID 20842–43 (citations omitted)). But in so arguing, the Warden overlooks that Myers initiated new state proceedings, in part, so that he could exhaust new constitutional claims that he might later seek to present in this habeas corpus proceeding. And *Irick* and *Hand* suggest that the "need to exhaust" exception created by *Harbison* is paramount to the "subsequent stage" component. *See Irick*, 636 F.3d at 292 (denying § 3599 authorization for a motion to reopen state postconviction proceedings that was not for the purpose of exhausting a claim to later be presented in federal habeas); *Hand*, 826 F. App'x at 506–07 (acknowledging that *Harbison* created an exception whereby counsel appointed pursuant to § 3599 may represent her habeas client in state court to exhaust a claim raised in federal habeas while the habeas is put on hold).

With respect to language in *Hand* suggesting that § 3599 authorization is warranted for exhaustion "while the federal claims are put on hold," 826 F. App'x at 507, the Court is satisfied that Myers's other federal claims are "functionally" on hold sufficient to satisfy that language.

9

And with respect to his initial intention to file a motion for stay and abeyance, Myers states in an April 15, 2024, Status Report that he has elected not to file the motion at this time because of the rapidly approaching state court hearing; because the Warden would oppose any motion; and in the interests of allowing this Court to facilitate any future discovery issues.  (Status Report, Doc. 156, at PageID 20814–15).  Because it appears that any motion would be well taken under the three-part test for stay-and-abeyance set forth in *Rhines v. Weber*,  the Court is satisfied that Myers satisfies the "while the federal claims are put on hold" language from *Hand*.  *Rhines*, 544 U.S. 269, 277 (2005) (finding that stay-and-abeyance is warranted to exhaust unexhausted claims only if (1) there is good cause for the failure to raise the claims sooner; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in abusive or dilatory tactics); *see Hand*, 826 F. App'x at 507.

Further, the timing here favors authorization under § 3599.  The factual development that occurred during these proceedings has given rise not only to a possible basis for state-court relief and an "actual innocence" gateway claim to excuse procedural default, but also to potential claims that Myers must exhaust in the state courts while his original habeas is pending here.  The Sixth Circuit in *Hand* regarded as fatal to Hand's request for § 3599 authorization the fact that Hand's initial federal habeas proceedings had been fully completed through the denial of *certiorari*.  *Hand*, 826 F. App'x at 508 ("The crucial fact is that Hand's federal habeas proceedings are closed. (citation omitted).  Therefore, new proceedings in state court are not 'subsequent' to them.").  *See also McKnight*, 2018 WL 4095709, at *2 ("These habeas proceedings are not complete, which also weighs in favor of [§ 3599 authorization].); *Lott v. Jenkins*, No. 1:04-cv-822, 2016 WL 7157673, at *1 (N.D. Ohio Dec. 8, 2016) ("However, subsequent proceedings are limited to proceedings

related to an 'on-going' federal habeas petition. Section 3599(e) funding does not extend to 'the commencement of new judicial proceedings' after a federal habeas action has ended."); *Gapen v. Bobby*, No. 3:08-cv-280, 2013 WL 5539557, at *4 (S.D. Ohio Oct. 8, 2013) (granting § 3599 authorization for petitioner to exhaust potentially available state court remedies during the pendency of habeas proceedings).

Regarding the "subsequent stage" limitation, the Court notes that developments in habeas corpus law, including continuing advancements in DNA science and the creation of new state processes for raising DNA claims, have upended the order in which proceedings "ordinarily" take place—*i.e.*, trial, direct appeal, collateral attack (postconviction, state habeas, etc.), federal habeas corpus, clemency. This is illustrated in a decision cited by the Warden for why § 3599 authorization should be denied—but which this Court finds actually supports § 3599 authorization. *See Gary v. Warden, Georgia Diagnostic Prison*, 686 F.3d 1261 (11th Cir. 2012).

In *Gary*, the Eleventh Circuit affirmed the trial court's denial of § 3599 authorization for federally funded counsel to assist the petitioner in pursuing a state court motion for DNA testing. *Id*. at 1274–75. The court explained:

> As the language of § 3599(e) and the Court's opinion in *Harbison* indicate, federally-funded counsel is available only for *certain* subsequent proceedings. A state court motion for DNA testing does not ordinarily follow the commencement of a federal habeas action and is, therefore, not a subsequent proceeding contemplated by § 3599(e), even when filed after the prisoner's federal habeas case has concluded. The District Court, therefore, properly denied Gary's motion for funds to pay for an expert to assist counsel in pursuing DNA testing.

*Id*. The Warden relies on *Gary* for the position that Myers's state-court DNA proceedings cannot be considered a subsequent stage of his federal habeas corpus case. The Court sees it differently.

Strictly speaking, Myers is not seeking § 3599 authorization for the purpose of filing a new

11

state-court judicial proceeding for DNA testing.  Rather, he seeks authorization for federal counsel to represent him for an evidentiary hearing and other attendant proceedings premised on the results of DNA testing already completed.  As explained above, Myers seeks in part to exhaust new constitutional claims while his original habeas action is still pending—an exception the existence of which the Eleventh Circuit actually recognized but found inapplicable in *Gary*.  *Id*. at 1277–78 ("The filing of Gary's DNA motion had nothing to do with 'exhaust[ing]' a federal constitutional claim in state court so that the District Court could consider it on the merits in adjudicating Gary's § 2254 petition.").  So while the Eleventh Circuit noted that a state court DNA proceeding does not "ordinarily" follow the commencement of a federal habeas action, in the instant case, it squarely does.  Myers has spent years in state and federal court seeking access to evidence to submit for DNA testing.  The delay was not his fault, and it should not be used against him.

As Myers asserts, and the record in this case supports, federal counsel have spent years in state and federal court seeking access to evidentiary items to submit for DNA testing.  They have invested substantial time and research investigating, developing, and presenting the DNA evidence at issue.  It is evident from their pleadings that they have deep familiarity with the evidence, the experts, the facts of the case, and the myriad of complexities presented by DNA evidence.  And they are experienced in capital habeas litigation concepts such as actual innocence and the exhaustion of new claims that might later need to be presented to this Court.  That being so, the Court has discretion under § 3599 and *Harbison* to authorize federal counsel to represent Myers in his upcoming state-court evidentiary hearing "and in any appeals that may arise related to these claims or any others that may be newly discovered while pursuing these claims."  (Motion for Authorization, Doc. 155, at PageID 20670–71).  Authorization would not extend for any retrial,

should Myers obtain that relief.

As a final matter, the Warden asserts that "before this Court can consider whether the DNA test results show Myers's 'actual innocence,' it must first address all non-defaulted claims for comparable relief and other grounds for cause to excuse the procedural default." (Opposition, Doc. 157, at PageID 20844 (citing *Dretke v. Haley*, 541 U.S. 386, 393–94 (2004)). *Dretke* held that "[a] federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse procedural default." *Dretke*, 541 U.S. at 393–94. In its order granting leave for Myers to pursue DNA discovery, this Court found that any application of *Dretke*'s "rule of avoidance" would be premature, since the Court was not asked to find that Myers had satisfied the "actual innocence" gateway to permit review of meritorious defaulted claims. (Opinion and Order, Doc. 136, at PageID 20535). The Warden submits that "circumstances now favor application of *Dretke*'s rule [,]" since Myers has completed discovery and no stay of the instant proceedings has been requested or ordered. (Opposition, Doc. 157, at PageID 20845). The Court agrees with Myers that it remains premature to apply *Dretke*'s rule. (Reply, Doc. 158, at PageID 20851). Stay or no stay, in view of the impending state court proceedings, it would be improvident for this Court to adjudicate the merits of any of Myers's habeas claims.

## IV.    CONCLUSION

For the foregoing reasons, Myers's Motion for Authorization (Doc. 155) is **GRANTED**. Federal counsel are authorized under 18 U.S.C. § 3599(e) to represent Myers in his upcoming state-court evidentiary hearing and in any appeals that may arise related to these claims or any others that may be newly discovered while pursuing these claims, retroactive to whenever federal

counsel commenced work on Myers's state-court DNA proceedings.  Authorization would not extend for any retrial, should Myers obtain that relief.

       *IT IS SO ORDERED.*

s/Kimberly A. Jolson                        
**KIMBERLY A. JOLSON**
**UNITED STATES MAGISTRATE JUDGE**
