**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**David Lee Myers,**

**Petitioner,**

**v.**

**Margaret Bagley, Warden,**

**Respondent.**

**Case No. 3:04-cv-174**
**JUDGE ALGENON L. MARBLEY**
**Magistrate Judge Kimberly A. Jolson**

**OPINION AND ORDER**

Petitioner David Lee Myers, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court for consideration of the Respondent-Warden's Motion for an Extension of Time to File a Response to Petitioner's Motion for Additional Discovery. (Doc. 167). Myers opposes the Warden's motion. (Doc. 168). The Warden filed no reply. For the reasons explained below, the Warden's motion for an extension of time is **GRANTED in part**.

## I. OVERVIEW

On February 11, 2020, this Court granted Myers leave to conduct discovery in support of a "gateway" actual innocence claim to permit federal habeas review of claims otherwise potentially barred by procedural default. (Opinion and Order, Doc. 136, at 20536–43.) On the basis of newly discovered evidence, Myers sought and obtained leave to file a motion for a new trial in state court, as well as the scheduling of an evidentiary hearing on the merits of his newly discovered evidence beginning on July 15, 2024. (Doc. 155, at 20665–66). In July 2024, the state trial court granted Myers's motion for a new trial. (Doc. 164, at 20953). But the Ohio Court of Appeals for the Second Appellate District reversed that decision on April 10, 2026,

which resulted in the trial court revoking Myers's bond and Myers being reincarcerated on Ohio's death row on April 15, 2026.

Myers filed a second motion for discovery in these federal proceedings on July 7, 2026. (Doc. 166). Myers explains that while he "maintains that the newly discovered evidence and claims he has raised in the state courts entitle him to relief, he continues to seek additional testing." (*Id*., at 21438). In support of his request, Myers notes that after completion of the initial round of DNA testing authorized by this Court, all of the physical evidence was returned to the State's custody and control.

The Warden, rather than filing a memorandum in response, filed a motion requesting a 90-day extension—through October 5, 2026—to file a memorandum in response to Myers's discovery motion. Counsel for the Warden states that she only recently took over as lead counsel, following the retirement of previous lead counsel, and needs time to get acquainted with a case that is extensive and complex. (Doc. 167, at 21472). Counsel for the Warden also points to deadlines and workloads in other cases. (*Id*. at 21472–73).

Myers filed a response opposing the requested extension of time. (Doc. 168). Myers argues that he would be prejudiced by the 90-day extension because after 20 months on bond, he was taken back into custody and placed back on death row in April 2026. He states that "[e]ach additional day on death row prejudices Mr. Myers." (Doc. 168, at 21476).

## II. LEGAL STANDARDS

With certain exceptions not applicable here, "the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), the Warden had twenty-one days after the

date of service to file any memorandum in opposition to Myers's Second Motion for Discovery (Doc. 166). The Warden filed the instant motion for an extension of time well before the expiration of the time for filing a response to Myers's discovery motion. The Court must thus determine whether the Warden has demonstrated good cause for the requested extension of time. The determination of good cause is within the district court's discretion. *See Ott v. Fed. Home Loan Mortg. Corp.*, 535 F. App'x 488, 489 (6th Cir. 2013) (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010)).

## III. DISCUSSION

The Court is satisfied that the Warden has demonstrated good cause for some extra time to respond to Myers's discovery motion. Given the fact that counsel for the Warden only recently took over as lead and trial counsel in this case, the Court finds 60 days constitutes a reasonable amount of time for counsel to get up to speed with a case involving a lengthy state-court record, voluminous pleadings in these federal proceedings, and complex discovery issues. There is no indication that counsel for the Warden deliberately seeks delay or has acted with dilatory motives. And a delay of 60 days is minimal considering the nature and history of this case, as well as its current procedural posture of being litigated in postconviction proceedings in the state courts.

As noted above, Myers objects to the Warden's request, arguing that he will be prejudiced by the 90-day extension now that he has been returned to death row after 20 months out on bond. (Doc. 168, at 214476). The Court is not unsympathetic to Myers's predicament, but his argument against any extension is specious. His bond was revoked when the state appellate court reversed the trial court's decision granting a new trial. Even if this Court granted

Myers's discovery motion immediately, the time it would take to conduct the discovery and file any attendant pleadings in this Court or in the state courts undermines any assertion that Myers will be unduly prejudiced by the Warden's request for an extension to respond to his discovery motion. In the end, 60 days—rather than 90—strikes the right balance.

## IV. CONCLUSION

For good cause shown, and because any attendant delay is minimal and warranted, the Warden's Motion for an Extension of Time (Doc. 167) is **GRANTED in part**. The Warden shall have until and including September 8, 2026, to file any response to Myers's motion for discovery. Myers shall have fourteen (14) days from the date of any response to file a reply. S.D. Ohio Civ. Rule 7.2(2). Should Myers need additional time, he should promptly file a request for an extension of time.

**IT IS SO ORDERED.**

Date: August 10, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE